UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOTOR CITY POWER SPORTS, LLC,
a Michigan limited liability company,

      Plaintiff,

                                       Case No. 10-13213

v.                                     Hon. Lawrence P. Zatkoff

ARCTIC CAT SALES, INC.,
a Minnesota corporation,

      Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 9, 2011.

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's motion to dismiss pursuant to 12(b)(6) or

transfer venue pursuant to 28 U.S.C. § 1404(a) [dkt 5].   Plaintiff responded to the motion.

Defendant, however, did not file a reply brief, and the time to do so has elapsed.  E.D. Mich. L.R.

7.1(e)(1).  The Court, therefore, finds that the facts and legal arguments are adequately presented

in the parties' papers such that the decision process would not be significantly aided by oral

argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion

be resolved on the briefs submitted.  For the reasons set forth below, Defendant's motion to dismiss

or to transfer venue [dkt 5] is GRANTED.

## II. BACKGROUND

This case arises from a dispute between a snowmobile and all-terrain vehicle ("ATV") dealer and a snowmobile and ATV manufacturer. Plaintiff, a snowmobile and ATV dealer, is a Michigan limited liability company that operates a retail store in Oakland County, Michigan, which sells snowmobiles, ATVs, clothing, and accessories (e.g., parts). Defendant is a Minnesota corporation that manufactures snowmobiles, ATVs, clothing, and accessories under the brand names Arctic Cat and Arcticwear. Plaintiff and Defendant are parties to two written agreements (collectively, the "Dealer Agreements")—one governs ATVs and one governs snowmobiles—which were entered into in Thief Rivers Falls, Minnesota. From at least 2006, Plaintiff and Defendant have entered into the Dealer Agreements so that Plaintiff may sell Defendant's products. Both Dealer Agreements contain a forum-selection clause and a choice-of-law clause. The forum-selection clause states the following:

> Any claim, action or other dispute between the parties as to the terms of the Agreement, or as to the performance or nonperformance of either party under the Agreement, or as to any other matter arising out of the parties' relationship, shall be resolved by the State or Federal Courts of the State of Minnesota.

With respect to the choice-of-law clause, it provides that "[t]his Agreement shall be governed, interpreted, and construed under the laws of the State of Minnesota, excluding that body of law known as choice of laws."

In December 2009, Plaintiff alleges that Defendant terminated the Dealer Agreements. Plaintiff purportedly accepted that termination. Defendant, however, denies that it terminated Plaintiff as a dealer. In January of 2010, Plaintiff purportedly demanded that Defendant repurchase Plaintiff's inventory pursuant to Michigan's Motor Vehicle Dealers Act ("MVDA"), Mich. Comp.

2

Laws § 445.1561, *et seq*.[1]  Defendant refused to repurchase the inventory pursuant to the MVDA, and instead notified Plaintiff that it would repurchase Plaintiff's inventory at an amount discounted up to twenty-five percent off Plaintiff's net acquisition cost.

Based on Defendant's refusal to repurchase the inventory pursuant to the MVDA, Plaintiff filed this action on August 13, 2010, based on diversity of citizenship.  Before filing an answer, Defendant filed the instant motion to dismiss Plaintiff's complaint, or in the alternative, to transfer venue.  Defendant primarily argues that the forum-selection clause agreed to in the Dealer Agreements requires the Court to dismiss this case.  Plaintiff disagrees.  For the foregoing reaons, the Court grants Defendant's request to transfer venue pursuant to 28 U.S.C. § 1404(a), and thus declines to reach the merits of Defendant's request to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

### III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), which provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "[A] district court 'has broad discretion to grant or deny [a] motion to transfer a case.'"  *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (quoting *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986)).  The Court must give deference to the plaintiff's choice of forum, which is not disturbed "unless the balance is strongly in favor of the defendant." *Stewart v. Dow Chem. Co.*, 865 F.2d 103, 106 (6th Cir. 1989) (citing *Gulf Oil Co. v. Gilbert*, 330

---

[1]Plaintiff indicates in its response brief that its demand is located in Exhibit B of its brief, but the Court does not find an exhibit purporting to be a demand attached to Plaintiff's brief. The Court also does not find an exhibit purporting to be a demand attached to Plaintiff's complaint.

U.S. 501, 508–09 (1947)). The moving party bears the burden of showing, by a preponderance of the evidence that a change of venue is warranted. *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003).

Defendant requests that this Court transfer the action to the United States District Court for the District of Minnesota. The parties do not dispute that venue is proper there. *See* 28 U.S.C. § 1391(b) (stating that venue is proper in a particular district "where any defendant resides" or "in which a substantial part of the events or omissions giving rise to the claim occurred").

Therefore, to determine whether a motion to transfer venue pursuant to § 1404(a) should be granted, this Court must weigh the following factors: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) accessibility to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the costs of obtaining willing witnesses; (6) the practical problems of trying the case most expeditiously and inexpensively; and (7) the interests of justice. *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994); *see Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1137(6th Cir. 1991) (considering the "private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns" when ruling on a motion to transfer under § 1404(a)). The presence of a forum-selection clause is significant when weighing the balance of the parties' interests. *Moses*, 929 F.2d at 1136–37.

## IV. ANALYSIS

Defendant argues that the forum-selection clause weighs heavily in favor of transferring the action. Plaintiff responds that the MVDA prohibits Defendant from transferring the action to Minnesota. Applying the factors enunciated in *Kepler*, the factors weigh equally in favor of Plaintiff

4

and Defendant. Plaintiff is a Michigan limited-liability company that operates its dealership in Michigan, as opposed to Defendant being a Minnesota corporation that operates its manufacturing facility in Minnesota. The parties have not stated if any inconvenience will result with respect to evidence, costs, or witnesses if the action is transferred to the United States District Court for the District of Minnesota. Because of the weight given to forum-selection clauses, if the forum-selection clause in this action is valid, then Defendant's interests outweigh Plaintiff's preferred forum, and the action will be transferred to Minnesota. Plaintiff's argument that the MVDA makes enforcement of the forum-selection clause invalid depends, in the first instance, on whether Michigan or Minnesota's laws apply.

### MICHIGAN CHOICE-OF-LAW RULES

In a diversity case, a federal district court "is obligated to apply the choice of law rules of the state in which it sits." *Security Ins. Co. v. Kevin Tucker & Assoc.*, 64 F.3d 1001, 1005 (6th Cir. 1995); *Mahne v. Ford Motor Co.*, 900 F.2d 83, 86 (6th Cir. 1990), *cert den.*, 498 U.S. 941 (1990). Thus, the Court must look to Michigan choice-of-law rules. For contractual disputes, Michigan adopted § 187 of the Restatement (Second) of Conflict of Laws. *Chrysler Corp. v. Skyline Indus. Servs., Inc.*, 528 N.W.2d 698, 702 (Mich. 1995). Section 187(2) provides that the parties will be bound by a contractual forum-selection clause unless:

> a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
> b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement (Second) of Conflict of Laws § 187(2); *see also Kipin Indus., Inc. v. Van Deilen Int'l,*

5

*Inc.*, 182 F.3d 490, 493 (6th Cir. 1999).  According to § 188, to determine which state's laws control, if a choice-of-law provision is absent, the district court analyzes: (1) where the contract was formed; (2) where performance of the contract is expected; and (3) the domicile and place of business of the parties with respect to the particular claims before the Court.[2]  Restatement (Second) of Conflict of Laws § 188(2).

Plaintiff is essentially asserting its argument under § 187(2)(b).  Therefore, the Court must determine if: (1) applying the forum-selection clause would violate a fundamental policy of Michigan; and (2) Michigan has a materially greater interest than Minnesota in the determination of the issue.

**(a). Violation of a Fundamental Policy**

Forum-selection clauses are generally enforceable in Michigan.  *Turcheck v. Amerifund Fin., Inc.*, 725 N.W.2d 684, 688 (Mich. Ct. App. 2006) (explaining that Michigan's public policy favors the enforcement of forum-selection clauses); *Offerdahl v. Silverstein*, 569 N.W.2d 834, 835–36 (Mich. Ct. App. 1997) (recognizing the enforceability of forum-selection and choice-of-law clauses).  But, in the specific context of motor vehicle dealers and manufacturers, the MVDA was enacted to regulate the dealings between a motor vehicle manufacturer and its motor vehicle dealers in Michigan. Mich. Comp. Laws prec. § 445.1561.  According to the MVDA, a manufacturer may not require a motor vehicle dealer in Michigan to "require any controversy between a new motor vehicle

---

[2]In this case, Michigan law would have been the controlling law in the absence of the choice-of-law clause in the Dealer Agreements, which specifies Minnesota law.  The contract was formed in Thief River Falls, Minnesota.  The place of performance is in Michigan where Plaintiff was authorized to maintain and operate a dealership that sold Defendant's ATVs and snowmobiles.  The parties's domicile and place of business are split between Minnesota and Michigan equally, but with respect to Plaintiff's claims filed in this forum, following the rubric in § 188, Michigan law would control in the absence of the choice-of-law clause.

dealer and a manufacturer . . . to be referred to a person other than the duly constituted courts of

[Michigan] or of the United States located in [Michigan] . . . . *Such a provision in a dealer*

*agreement is void and unenforceable*." Mich. Comp. Laws § 445.1573(h) (emphasis added).[3]

Plaintiff argues that the MVDA also applies to agreements between ATV and snowmobile

dealers and manufacturers when the ATV and snowmobile dealer's business is in Michigan. In

response, Defendant contends that the MVDA is not applicable to ATV and snowmobile dealers and

manufacturers. Without interpreting the MVDA to determine if it meant to encompass ATV and

snowmobile dealers and manufacturers, Michigan also must have a "materially greater" interest than

Minnesota—the state where the parties agreed to dispute their legal issues.

**(b). Materially Greater Interest**

The Court does not find that Michigan has a "materially greater" interest in determination

of this case than Minnesota. Plaintiff is a Michigan corporation, and Defendant is a Minnesota

corporation. Minnesota has an interest in protecting Defendant's lawfully entered into contract,

which requires that Minnesota law governs and that all legal issues will be disputed in Minnesota.

Michigan has an interest in protecting Plaintiff from being subject to a contract provision that

---

[3]A "manufacturer" is "any person who manufactures or assembles new motor vehicles." Mich. Comp. Laws § 445.1564(2). A "new motor vehicle dealer" is a "person, including a distributor, who holds a dealer agreement granted by a manufacturer . . . who is engaged in the business of purchasing, selling, exchanging, or dealing in new motor vehicles and who has an established place of business in [Michigan]." Mich. Comp. Laws § 445.1565(2). Both terms—manufacturer and new motor vehicle dealer—are defined using the term "motor vehicle." The MVDA explicitly excludes buses, tractors, and farm equipment from the definition of a "motor vehicle," and directs the Court to Michigan's motor vehicle code ("MVC") for further refinement of the term "motor vehicle." Mich. Comp. Laws § 445.1564(3). The MVC provides that a "motor vehicle" is "every vehicle that is self-propelled, but . . . does not include industrial equipment such as a forklift, front-end loader, [other] construction equipment" an electric patrol vehicle, and an electric personal assistive mobility device. Mich. Comp. Laws § 257.33.

Michigan law may find unenforceable—i.e., the MVDA would invalidate such a forum-selection

clause in a motor vehicle dealer agreement.  However, the parties do not cite any authority, nor has

the Court located any, where the mere fact that Minnesota law and Michigan law conflict makes

Michigan's interest "materially greater" than Minnesota's interest.  Moreover, not only did the

parties contract for Minnesota law, but Plaintiff also agreed to waive any objections to jurisdiction

in the Minnesota courts.  Therefore, even assuming that the MVDA is applicable, the Court

determines that Michigan and Minnesota have an equal interest in their respective laws governing

the relationship between these parties.  As such, the Court finds that such interests are insufficient

to determine that Michigan has a "materially greater" interest than Minnesota.  *See Chrysler*, 528

N.W.2d at 707 (declining to void the parties' express written provision that created a preference for

Michigan law without evidence that Illinois had a materially greater interest than Michigan).

**(c).  Conclusion**

Because Minnesota law governs, and under Minnesota law, forum-selection clauses are

valid, the forum-selection clause in the ATV and snowmobile dealer agreement is valid and

enforceable.  *See Hauenstein & Bermeister, Inc. v. Met-Fab Indus. Inc.*, 320 N.W.2d 886, 889

(Minn. 1982) (noting that "persuasive public policy reasons exist for enforcing a forum selection

clause in a contract freely entered into by parties who have negotiated at arm's length"); *C.H.

Robinson Worldwide, Inc. v. FLS Transp.*, 772 N.W.2d 528, 534 (Minn. Ct. App. 2009) (explaining

that a forum-selection clause is typically enforced unless the clause is "so unreasonable that its

enforcement would be clearly erroneous and against both logic and the facts on record") (citation

omitted).  Therefore, Defendant's interests outweigh Plaintiff's interest in deciding if the action may

be transferred to the United States District Court for the District of Minnesota.  *See Moses*, 929 F.2d

at 1136–37.  Accordingly, Defendant's motion to  transfer venue pursuant to § 1404(a) is GRANTED.

## V. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Defendant's motion to dismiss, or to transfer venue [dkt 5] is GRANTED.  This matter is HEREBY TRANSFERRED to the United States District Court for the District of Minnesota.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  February 9, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 9, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290

9